UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,                    **REVISED
                                                            PRETRIAL
                                                             ORDER**
                                                            <u>**March 1, 2007**</u>


                                                            03-CR-6108L


                    v.

JERRY BROCK,


                              Defendant.

---

     This order will control the conduct of the trial in this case.


A. <u>SCHEDULE</u>

     A **jury trial** is scheduled to commence on **December 10, 2007 at 8:30 a.m.**   This is a day-certain trial date which will not be adjourned.

     Counsel must notify this Court **immediately** if a pretrial resolution of this matter has been reached.  The Court encourages the Government to set a deadline for disposition of the case by plea.  This will allow for the orderly disposition of cases and avoid needless effort and expense of counsel and the Court.

A **pretrial conference** is scheduled for **November 27, 2007 at 10:00 a.m.** The attorneys who will actually try the case must be present at the pretrial conference.

At the pretrial conference, the Court, together with the parties, will determine the trial schedule. It is the general practice of the Court to start each day of trial at 8:30 a.m. and run until 1:30 p.m. without a lunch break. In some cases, though, circumstances may dictate that trial be conducted all day, from 9:00 a.m. until approximately 4:30 p.m.

B. PRETRIAL SUBMISSIONS

**Unless otherwise indicated, the following pretrial submissions MUST BE FILED with the Clerk of the Court and served on opposing counsel <u>at least TWO WEEKS before the pretrial conference</u>.**

1. *Voir Dire* Preparation

All parties must submit, on a separate page, the name, firm name and business address of the attorney or attorneys trying the case and the names of any assistants that will be in court at counsel's table.

Each defendant must submit, on a separate page, the full name and address of the defendant.

The Government must submit a list of its prospective witnesses.

Each defendant must submit a list of witnesses that he expects will testify.

For proper identification to the jury, the parties' witness lists should include the following:

(A)     The full name of the witness.

(B)     The occupational association of the witness,     *e.g.*, FBI, Monroe County

        Sheriff's Department, victim teller at bank.

(C)     The address of witness - city and state will be sufficient.

(D)     A brief statement of the general subject matter expected to be covered by the

        witness (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith - victim

        teller at Marine Midland Bank).

The Court will conduct *voir dire* by asking a standard list of questions of the panel.  The

parties may submit a list of proposed questions they wish the Court to ask the panel. Failure to do

so constitutes a waiver of any requests by that party.  Depending on the circumstances of the case,

the Court may allow counsel to make <u>brief</u> inquiry of the panel.

### 2. <u>Jencks Act, 18 U.S.C. § 3500</u>

It is in all cases preferable and advisable that § 3500 material be exchanged according to a

schedule previously established, **but no later than TWO WEEKS before the pretrial conference**.

This practice avoids lengthy delays during trial and affords the defense a reasonable opportunity to

review this material.

### 3. <u>Exhibit Lists and Exhibits</u>

The Government must file an exhibit list on forms supplied by the Clerk's Office that briefly

describes each proposed exhibit.  This list **must include** all exhibits that the Government intends to

use in its case-in-chief.

Defendant must file an exhibit list containing those exhibits he/she expects to introduce in his/her direct case.

Exhibits that the attorneys anticipate will be used during cross-examination for impeachment, to refresh a witness' recollection or otherwise must also be included in the exhibit lists.

ALL exhibits shall be denominated by number. The Government's exhibits shall use numbers 1 through 399; defendant shall use numbers 400 through 699. All exhibits on the exhibit lists must be physically tagged and marked with the appropriate stickers prior to commencement of the trial.

4. Stipulations

The parties should consider appropriate stipulations concerning undisputed facts or testimony. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear.

If the Government wishes to present proof by stipulation, it must submit to opposing counsel proposed stipulations of fact or proposed stipulations of testimony **at least TWO WEEKS before the pretrial conference** with a request that the defendant agree to the stipulations.

Defendant shall notify the Government as soon as possible, but no later than **ONE WEEK before the pretrial conference,** whether it will agree to the proposed stipulations.

Proposed stipulations **do not** have to be **filed** with the Court as part of the pretrial submissions.

5. Impeachment of Witnesses Under Fed. R. Evid. 608 and 609

Both the Government and the defendant must file notice if they intend to impeach any witness, **including the defendant, should he/she choose to testify,** by evidence of his/ her character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of prior conviction, under Fed. R. Evid. 609.

The notice should include the specific nature of the proposed impeachment evidence, including the dates of the prior acts or convictions, and citation to relevant case law that may assist the Court in determining admissibility. Copies of any relevant exhibits sought to be introduced should be attached to the notice.

6. Evidence of Other Crimes, Wrongs or Acts Under Fed. R. Evid. 404(b)

The Government must file notice if it intends to introduce evidence of other crimes, wrongs or acts under Fed. R. Evid. 404(b), whether in its case in chief or as rebuttal evidence.

The notice must set forth the specific nature of any such evidence, including the dates of the prior crimes, wrongs or acts, the specific purpose(s) under Fed. R. Evid. 404(b) for which the evidence is being introduced, and citation to any case law that would assist the Court in determining its admissibility. Copies of any relevant exhibits sought to be introduced should be attached to the notice.

7. <u>Tapes and Transcripts</u>

Absent an order to the contrary, the Government must submit to the Court and opposing counsel the final version of any transcripts of tapes of electronic eavesdropping or monitoring that it intends to submit to the jury. Transcripts **do not** have to be **filed** with pretrial submissions.

Defendant must file any objection to the transcripts or move against them by following the procedures set forth in paragraph 9, *infra*.

8. <u>Expert Testimony</u>

The parties must comply with all of the expert disclosure requirements listed at FED. R. CRIM. P. 16(a)(1)(G) [Government]; 16(b)(1)(C) [defendant]. Failure to comply may result in preclusion of the testimony.

9. <u>Evidentiary Issues and Motions *in Limine*</u>

**At least ONE WEEK before the pretrial conference** both the Government and the defendant **must file any motions *in limine* concerning any potential evidentiary issues or procedural problems that may arise during the trial.** The parties must advise the Court of any significant evidentiary problems or anticipated proof problems that could arise.

**All motions *in limine* must be accompanied by a memorandum of law which includes citation to relevant case law to assist the Court in resolving the issues.**

Surprises and gamesmanship have no place in a trial and benefit neither side. It is in your interest that the Court be aware of potential problems so that careful consideration can be given to your respective positions. Some issues cannot be anticipated but many evidentiary issues can be

anticipated.   Examples of such issues include: the potential of witnesses to assert the Fifth Amendment; impeachment of witnesses or the defendant by character evidence, specific instances of conduct, or by evidence of prior conviction; the admissibility of other crimes, wrongs or acts to prove intent and motive,   *etc.* under Fed. R. Evid. 404(b); authentication of tapes and voice identification; obvious hearsay problems; prior inconsistent statements, objections to expert testimony, *etc.*

The Court may resolve *in limine* motions at the pretrial conference or schedule argument on a separate date.


10. Jury Instructions

The Court gives standard jury instructions in every criminal case, and the parties are **not required** to file proposed instructions concerning these matters. The Court's standard instructions include:

Province of the Court and Jury
Evidence in the Case
Direct and Circumstantial Evidence
Questions are not Evidence
Jury's Recollection Controls
Court's Questions to Witnesses
Objections and Rulings
Indictment not Evidence
On or About (Variance)
Presumption of Innocence/Burden of Proof
Reasonable Doubt
Effect of the Failure of Accused to Testify (if applicable)
Credibility of Witnesses

Credibility of Accused as Witness (if applicable)

Defendant's Interest if Defendant Testifies (if applicable)

Law Enforcement Witness (if applicable)

Expert Witness (if applicable)

Expert Opinion (if applicable)

Statement of Defendant (if applicable)

All Available Evidence Need Not be Produced

Consider Only Offense Charged

Verdict as to Accused Only

Punishment and Sympathy Not to be Considered

Separate Consideration of Each Count

Verdict Unanimous

Jury Deliberations: Availability of Exhibits, Tapes, Testimony and Instructions

The Government **must file** proposed jury instructions on the **substantive offenses** charged in the indictment. The Government **may file** any **other** proposed jury instructions that it has reason to believe will be necessary (*e.g.*, use of accomplice testimony; impeachment by prior bad acts or felony conviction).

Each proposed jury instruction must be **consecutively numbered** and each instruction must be set forth on a **separate page**. An **index** or **table of contents** for the instructions must be included. Legal authority or the source for the instruction must be set forth at **the end of each instruction**. If the instruction comes from a form book, the parties must advise the Court as to whether the instruction as presented **has been modified** from the instruction that appears in the form book.

Defendant **may file** any objections to the Government's proposed instructions and/or defendant's own proposed jury instructions, in the form set forth above, **at least ONE WEEK before the pretrial conference**.

The Government **may file** objections to the defendant's proposed jury instructions **anytime before the pretrial conference**.

Any other proposed jury instructions from either party, based on events occurring during trial, must be filed as soon as possible.

11. Courtesy Copies

Each party should bring to the pretrial conference one (1) courtesy copy of all pretrial submissions filed pursuant to this Order.

An additional courtesy copy of the pretrial submissions required in paragraphs 1. (*Voir Dire* Preparation) and 2. (Exhibits and Exhibit Lists) of this Order must be provided to the court reporter **on the day of the pretrial conference**.

C. JURY SELECTION

In most cases the Court will pick a twelve-person jury plus two alternates.  The Court will use the "struck-jury" system.

At the pretrial conference, we will discuss the number of peremptory challenges permitted by Fed. R. Crim. P. 24.

Under this struck-jury system, the clerk will select a venire panel that equals the total of the number of petit jurors (12), plus the combined number of peremptories allowed to both sides

(normally 16), plus the number of alternates selected (2), plus the peremptory challenges available for the alternates (2).   In the normal single-defendant case, a venire panel of 32 jurors will be selected.

The Court (and under certain circumstances counsel) will then conduct *voir dire* of the entire panel.  The Court will give an opportunity to counsel, outside the presence of the jury, to make challenges for cause.

Counsel for each side then exercises peremptory challenges, on an alternating basis, usually in three or four rounds, against the initial panel until they have either exhausted or waived the allotted number of peremptory challenges.  The first twelve panel members remaining will constitute the jury and the next two will be the alternates.

The Government will strike first by writing the name and juror number of its challenges on the strike sheet that will be provided.  The strike sheet will then go to the defendant who will see the Government's peremptory challenges and will then make his/her own strike by writing the name and number of the juror on the sheet.  The strike sheet will then come to the Court and I will announce those jurors that have been excused.  The Government will have the final strike.

If you do not exercise a challenge during a particular round, you lose only that peremptory challenge and you may make other peremptory challenges in later rounds.

Keep in mind that the first twelve jurors remaining will constitute the jury.

Generally, the courtroom is set up with three rows of nine jurors facing defense counsel (27) with five other jurors seated together in the well of the court near the rail.

At the end of this process, which has been described in United States v. Blouin, 666 F.2d 796 (2d Cir. 1981), a jury of twelve plus two alternates (or more) will be selected in one proceeding.

-10-

Sheets for filling in juror information during *voir dire* are available from my courtroom deputy.

D. TRIAL

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, *etc.* Counsel are responsible for having witnesses available as needed.

The evening before each day's session, counsel will advise the Court and opposing counsel of the witnesses expected to be called the following day.

I expect the parties to cooperate in scheduling witnesses. The Court is not adverse to taking witnesses out of turn to accommodate experts and other non-party witnesses.

Jury time is valuable time and the Court will not tolerate squandering of this time with bench conferences and conferences in chambers concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.

If the Court recesses to 8:30 a.m., for example, it is expected that we will begin proof at that time. If counsel expect problems or need to see the Court, they must make arrangements to meet with the Court at a time **before** the jury is scheduled to arrive or in the evening after the jury has left. **Nothing aggravates jurors more than waiting without explanation for long periods of time while counsel resolve matters that could have been resolved sooner.**

The Court may set time limits for opening statements and closing arguments and it is expected that counsel will adhere to those limits.

Exhibits that have been marked and received into evidence will be kept during proceedings on the counter next to the court reporter. In the evenings, each side will be responsible for

maintaining custody of its exhibits and returning them to court the next day (unless other arrangements are made with the Court).

So that the Court, jurors, all parties and the public can hear the proceedings, counsel should address questions to witnesses from podiums in the courtroom.   I will allow some peripatetic questioning as long as you can be heard.

Counsel need not ask permission to approach a witness with a document, but otherwise questioning should be done from no closer than the podium.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE


Dated: Rochester, New York
       October 12, 2007