UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        03-CR-6108L
                                                        08-CV-6573L

                  v.

JERRY BROCK,

                            Defendant.
_____

        Defendant, Jerry Brock ("Brock"), has filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate the Judgment and Conviction entered April 17, 2008. The motion is in all respects denied.

        Brock pleaded guilty pursuant to a plea agreement on December 11, 2007, to two counts of the pending indictment. Count 2 charged possession with intent to distribute 50 grams or more of cocaine base and Count 4 charged a violation of 18 U.S.C. § 3146(a), failure to appear. The aggregate range under the United States Sentencing Guidelines ("Guidelines") was 135 to 168 months. Brock was sentenced on April 15, 2008 within that Guideline range to an aggregate sentence of 151 months, 127 months on Count 2 and 24 months consecutive on Count 4. Brock filed no direct appeal from that sentence and judgment.

        Brock raises several issues in his *pro se* petition, none of which have merit. First of all, the petition is defective on procedural grounds because Brock could have, but failed to, raise the claims advanced here on direct appeal. There was, however, no direct appeal. Furthermore, the plea

agreement itself precluded the type of collateral proceeding that Brock has filed. The plea agreement specifically precluded a direct appeal or any collateral attack on the Judgment. For that reason alone, I believe this motion should be denied.

To the extent Brock claims the consecutive sentences are contrary to the Constitution, there is no legal basis for such an assertion, and I reject it.

The balance of Brock's claims seem to be that he was not fully advised of the nature of the plea and, therefore, his counsel was ineffective. The short answer is that the record belies these claims. The Government has submitted a copy of the transcripts of the plea colloquy occurring on December 11, 2007. In my view, there was an extensive and thorough discussion about the plea, all of its provisions and the potential sentence that could be imposed. That record refutes the belated claims now made by Brock. It was clear in that discussion, that the Court's sentence for failure to appear would run consecutive to the sentence on the drug charge. There was extensive discussion about that and Brock stated that he understood that consequence. Furthermore, it is clear that the plea agreement was of significant benefit to Brock because the Government did not file a Notice under 21 U.S.C. § 851 which, had it been filed and had Brock been convicted of a drug offense, his mandatory minimum sentence would have been 20 years imprisonment and not the 10-year term that he pleaded to.

The standard for establishing ineffective assistance of counsel was set forth decades ago in *Strickland v. Washington,* 466 U.S. 668 (1984) by the United States Supreme Court. There is, of course, a two-part test. The defendant must demonstrate that counsel's performance was deficient and that such performance prejudiced his case. Here, Brock can establish neither part of the test.

Brock must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. Based on the facts before me, the nature of the plea colloquy, and the risks Brock faced if he proceeded to trial, no such showing can be made here. Brock was clearly advised of the Guideline range, 135-168 months, and he received a sentence within that range. The fact that part of the sentence would be consecutive was no surprise since it was discussed at length in the plea colloquy.

After an extensive discussion with Brock, he signed the plea agreement indicating that he understood all aspects of the plea and the consequences to it, as well as his legal and constitutional rights. For these reasons, and for those reasons set forth in detail in the Government's Response (Dkt. #198) to the motion, Brock has clearly failed to establish any constitutional violation for ineffective assistance of counsel.

CONCLUSION

The motion of defendant Jerry Brock to vacate the Judgment and Conviction, pursuant to 28 U.S.C. § 2255 , is in all respects denied and the petition is dismissed.

Because defendant has failed to make a substantial showing of any constitutional violation, I deny a certificate of appealability.

Defendant's other pending motions (Dkt. #200) for an extension of time to file a reply and his motion to expedite (Dkt. #216) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 17, 2010.